Van Wyck, J.
This appeal is by Lee, Tweedy & Co., plaintiffs, from the order vacating an order of arrest granted October 5, A892, upon the affidavits of James Morris and Louis J. D’Auby, two of their employes, against Meyer Corn, one of the defendant co-partners, upon the ground that he, by false and fraudulent representations, induced plaintiffs to sell to his firm goods of the value of $1,024.19. The defendant, Corn, moved to vacate upon two grounds: 1. On the insufficiency of plaintiffs’ papers. 2. On affidavits showing that on June 11, 1892, in an action then pending in the supreme court these plaintiffs entered final judgment, still in force, against these defendants for the value of these same goods and in the very sum of $1,024.19. Now as to the first ground of objection, Morris in his affidavit avers that defendant, Corn, while he was negotiating with deponent for the purchase of the goods from Lee, Tweedy & Co., for Corn, Kaliske & Co., among other things, he made the following false and fraudulent statement as to the credit and financial standing of the firm of *158 Corn, Kaliske' & Go. “ Owed other borrowed mone), $-none.”" That relying upon said statement and the truth thereof, and believing that said defendant’s firm owed, all told, for merchandise $27,500, to two banks $25,000 and that they owed no other borrowed money, as stated, deponent, for the firm of Lee, Tweedy & Co., sold and delivered to defendants between the 1st day of March and the 1st day of July, 1892, goods, wares and merchandise of the value of $1,024.19. That in truth and in fact deponent is informed and believes at the time that this statement was made defendants’ firm were owing for other borrowed money from ten to thirty-five thousand dollars, which indebtedness was in favor of Heyman Yogcl and Henry Vogel; * * * and that the sources of deponent’s information and the grounds of his belief as to the falsity of the statement made by Meyer Corn, as .aforesaid, are contained in the affidavit of Louis J. D’Auby, which said affidavit is hereto attached and made part of the moving papers herein.”
The only express averment in Morris’ affidavit of a positive statement made by defendant Corn is, that he stated that his firm “ owed other borrowed money, $- none.” However the affidavit says that Corn made this statement “ among other things,” but does not specify what these “ other things ” were. It is true that deponent says that he believed “ that said defendants’ firm owed, all told, for merchandise, $27,500, and to two banks, $25,000,” but he does not aver that Corn said that his firm owed, all told, for merchandise, $27,500, and to two banks, $25,000, and hence Be states no facts as the foundation of such belief on his part. But assuming only for argument that the averment had been that Corn stated that his firm owed, all told, for merchandise, $27,500, and to two banks, $25,000, and that they owed no other borrowed money, what positive proof is there that this statement was false ? Morris avers that Be is informed and believes that this statement was false, and that defendants’ firm, at the time this statement was made, were owing for other borrowed money from $10,000 to $35,000, which indebtedness was in favor of Heyman Vogel and Henry Vogel, but he further avers that the sources of bis information and the grounds of his belief in this regard are contained in the annexed affidavit of D’Auby, and hence in this later affidavit must be sought and found proof of the falsity of Corn’s assumed statement And D’Auby’s affidavit is in full as follows: “ That he was present in the special term of the city court, on 30th day of September, 1892, when Meyer Corn,, one of the defendants herein, testified in supplementary proceedings in which Julius Franklin and others were plaintiffs, and Meyer Corn and others were defendants, as follows:
Q. As near as you can tell, what is the largest sum your firm owed at any one time to Heyman Vogel? A. Between $40,000' and $50,000; the smallest sum was $10,000; I suppose firm was never out of his debt until confession of judgment was given.
Q As near as you can tell, what was the largest sum owed to Henry Vogel at any one time ? A. About $25,000. Smallest sum about $10,000.
*159 Q. How long was your firm indebted to Henry Vogel in the sum of $10,000 or more ? A. Since shortly after the organization of defendants’ firm. And in all the foregoing no proof appears that this indebtedness of Corn’s firm to either Hey man or Henry Vogel was for money borrowed by his firm, and viewing the same in the most favorable light to plaintiffs’ contention as regards the amounts due from Corn’s firm to Hey man and Henry Vogel on March 27 and April 6, 1892, the days upon which the statements were made by Corn to plaintiffs’ employe, Morris, proof can only be seen of an indebtedness by Corn’s firm of $10,000 each to Heyman and Henry Vogel, and for all that appears in proof these two sums may have been owing for merchandise and may have been a part of the $27,500, which Morris says he believed was owing by Corn’s firm for merchandise. Thus is reached the conclusion that plaintiffs’ papers were insufficient to sustain the order of arrest. As to defendants’ second ground of objection against the continuance of the order of arrest, it would seem that it was plaintiffs’ duty as soon as they obtained knowledge that defendant was guilty of fraud in contracting or incurring the liability to first discontinue their supreme court action, in which the judgment had been obtained against the defendants for the purchase price of the goods, and then to commence this action upon the complaint alleging the fraud of defendant in contracting the liability for the purchase price of the goods. If a suit be discontinued at any stage, and the judgment vacated, then the adjudication therein concludes no one, and it is not an estoppel or bar in any sense.
The order appealed from is affirmed, with costs.
McGown and Fitzsimons, JJ., concur.